UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 03, 2019

SEAN F. McAVOY, CLERK

| | |
|---|---|
| MARIE G., on behalf of J.E.G., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:18-CV-3129-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney D. James Tree represents Maria G., who appears on behalf of her minor son, J.E.G. (Plaintiff); Special Assistant United States Attorney Michael Sinclair Howard represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

In August 2014, Maria G. filed an application for Supplemental Security Income (SSI) benefits, on behalf of Plaintiff, alleging Plaintiff had been disabled since December 1, 2006, due to anger and behavioral problems. Tr. 190, 216. Plaintiff's application was denied initially and upon reconsideration.

On November 2, 2016, an administrative hearing was held before Administrative Law Judge (ALJ) Keith J. Allred, at which time testimony was taken from Maria G., Plaintiff's mother. Tr. 40-69. The ALJ issued a decision finding Plaintiff was not disabled on February 10, 2017. Tr. 21-35. The Appeals Council denied review on May 16, 2018. Tr. 1-5. The ALJ's February 2017 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 17, 2018. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on December 6, 2004, and was 9 years old on the date of the disability application, August 2014. Tr. 190. At the administrative hearing, Plaintiff's attorney agreed obesity was not a severe impairment in this case, Tr. 53, and that the records reflect that while Plaintiff was not having any issues at school, his behavior at home was "a whole different story," Tr. 53-54. Plaintiff's mother, Maria G., testified Plaintiff does well at school, but, when he arrives home from school, he is tired, does not want to follow her rules, and yells and fights with family members. Tr. 55-57, 59.

The ALJ asked Maria G. about missing two consultative examinations arranged by the agency for Plaintiff. Tr. 65. Maria G. related she has memory problems and forgot to attend the scheduled appointments. Tr. 66-67.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining

childhood disability: (1) whether the child is engaged in substantial gainful activity; (2) if not, whether the child has a medically determinable severe impairment; (3) and, if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, 20 C.F.R. § 416.924.

If the Commissioner determines at step three that the claimant has an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, the analysis ends there. If not, the Commissioner decides whether the child's impairment results in limitations that functionally equals a listing. 20 C.F.R. § 416.926a(a). In determining whether an impairment or combination of impairments functionally equals a listing, the Commissioner assesses the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To functionally equal a listing, the claimant's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). A "marked limitation" in a domain results when the child's impairment(s) "interferes seriously" with the ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2). An "extreme limitation" in a domain results when the child's impairment(s) interferes "very seriously" with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(3).

When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments":

(i) What activities are you able to perform?

(ii) What activities are you not able to perform?

(iii) Which of your activities are limited or restricted compared to other children your age who do not have impairments?

(iv) Where do you have difficulty with your activities – at home, in childcare, at school, or in the community?

(v) Do you have difficulty independently initiating, sustaining, or completing activities?

(vi) What kind of help do you need to do your activities, how much help do you need, and how often do you need it?

20 C.F.R. § 416.926a(b)(2)(i)-(vi).

The evaluation of functional equivalence begins "by considering the child's functioning without considering the domains or individual impairments." Title XVI: Determining Childhood Disability Under the Functional Equivalence Rule – The "Whole Child" Approach, SSR 08-1p, 2009 WL 396031 * 1 (Feb. 17, 2009). The rules provide that "[w]hen we evaluate your functioning and decide which domains may be affected by your impairment(s), we will look first at your activities and limitations and restrictions." *Id*. citing 20 C.F.R. § 416.926(a)(c). The rules instruct the Commissioner to:

> Look at information we have in your case record about how your functioning is affected during all your activities when we decide whether your impairment or combination of impairments functionally equals the listings. Your activities are everything you do at home, at school, and in your community.

*Id*. citing 20 C.F.R. § 416.926a(b). The severity of limitation in each affected functional domain is then considered. This technique is called the "Whole Child" approach.

///

**ADMINISTRATIVE DECISION**

On February 10, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since the application date. Tr. 23.

At step two, the ALJ determined Plaintiff suffers from the following severe impairments: opposition defiant disorder (ODD) and attention deficit hyperactivity disorder (ADHD). Tr. 23.

The ALJ found at step three that the evidence of record demonstrated Plaintiff's impairments, although severe, do not meet, medically equal, or functionally equal the criteria of any of the listings impairments. Tr. 24. With regard to functional equivalence, the ALJ concluded Plaintiff had less than marked limitations in acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects (no limitation), caring for himself (no limitation), and health and physical well-being (no limitation). Tr. 29-34. The ALJ thus determined Plaintiff's impairments did not result in marked or extreme limitations in any of the six domains. Tr. 34.

Accordingly, the ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the August 2014 disability application date, through the date of the ALJ's decision, February 10, 2017. Tr. 34-35.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred in this case by (1) failing to provide legally sufficient reasons for discrediting the testimony of Maria G. regarding the severity and limiting effects of her son's impairments; (2) erroneously rejecting the medical

opinion of treating psychiatrist Richard Chung, M.D.; and (3) finding that Plaintiff's impairments do not functionally meet the childhood listings. ECF No. 14 at 1.

## DISCUSSION[1]

**A.  Lay Testimony of Plaintiff's Mother, Maria G.**

Plaintiff first contends the ALJ erred by rejecting the testimony of Plaintiff's Mother, Maria G. ECF No. 14 at 3-7; ECF No. 16 at 2-4.

In childhood disability cases, where the child is unable to adequately describe his symptoms, the Commissioner accepts the testimony of the person most familiar with the child's condition, such as a parent. *Smith ex rel. Enge v. Massanari*, 139 F.Supp.2d 1128, 1134 (9th Cir. 2001). In the Ninth Circuit, the testimony of third parties, including parents of child claimants, is evaluated under the standard applicable to lay witnesses. *See Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1086 (9th Cir. 2000) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."). When an ALJ discounts a parent's testimony, he must give reasons that are "germane" to that witness. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

---

[1]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

The ALJ discounted Maria G.'s statements to the extent they were not supported by the record. Tr. 25. Objective medical evidence provides a valid basis for discounting lay witness testimony. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason for discrediting lay witness). In support of his conclusion in this regard, the ALJ provided a detailed analysis of the medical records and relied on portions of Plaintiff's teachers' reports assessing Plaintiff's physical, educational, and social abilities. Tr. 26-29.

Although Maria G. continuously reported difficulty controlling her son's behavior, assessments reflect that Plaintiff was oriented and in good health, Tr. 317; was pleasant and interactive, Tr. 336; was relaxed and cooperative, had normal mood and affect, was completely oriented, displayed normal attention and concentration, and had intact memory, Tr. 365-366; had normal mental health exam, Tr. 331; had good eye contact, followed his mother's directions and answered questions with no noted issues, Tr. 356; and was alert with normal behavior, cognition and memory, had better attention, had good mood, and had full range affect, Tr. 391. State agency reviewing medical and psychological consultants opined that Plaintiff had no limitation in acquiring and using information and attending and completing tasks; less than marked limitation interacting and relating with others, moving about and manipulation of objects, and caring for self; and no limitation in physical health and well-being. Tr. 28, 82-83, 92-93.

The ALJ additionally assessed the reports of Plaintiff's teachers. Tr. 28. The September 2013 Teacher Questionnaire completed by his third grade teacher after knowing Plaintiff for 10 days reflected Plaintiff required many reminders, but was usually able to get his work done. Tr. 223. A February 2015 Teacher

Questionnaire completed when Plaintiff was in fourth grade assessed "obvious problems" in acquiring and using information, Tr. 260, but noted Plaintiff's academic progress was compromised because of his annual one-month absences to travel to Mexico, Tr. 259, 266. It was concluded, "[i]t's not that he doesn't try hard or isn't engaged, he just doesn't understand grade level material." Tr. 266. Based on his evaluation of this Teacher Questionnaire, the ALJ indicated Plaintiff's month-long annual vacations to Mexico during the school year could be the cause for Plaintiff's shortcomings in his academic performance, as opposed to any assessed mental impairments, Tr. 28.

The ALJ also noted Maria G.'s failure to cooperate with the process to obtain further information regarding Plaintiff's condition. Tr. 26. Maria G. failed to sign a release for school records for Plaintiff's July 2014 bio-psychosocial assessment, Tr. 362, and failed to attend two scheduled consultative examinations purchased by the social security administration, Tr. 65. *See* 20 C.F.R. § 416.918.

It was further noted Maria G. reported in November 2014 that Plaintiff's aggressive behaviors had decreased since he started individual therapy. Tr. 26-27, 355. Maria G. also continuously reported that Plaintiff does well in school and there are no concerns with his behavior at school. Tr. 26, 330, 335, 348.

Based on the foregoing, the Court finds the ALJ provided germane reasons, supported by substantial evidence, for rejecting portions of Maria G.'s testimony in this case. Therefore, the Court finds the ALJ acceptably declined to credit Maria G.'s testimony regarding Plaintiff's described home misbehavior. Tr. 55-57, 59.

**B.  Dr. Chung**

Plaintiff next argues the ALJ erred by failing to provide sufficient reasons for rejecting the opinions of treating psychiatrist Richard Chung, M.D. ECF No. 14 at 7-13.

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine

but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's opinion "with nothing more" does not constitute substantial evidence). However, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995). In weighing the medical opinion evidence of record, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Dr. Chung provided a post hearing "Domain Statement for Child" on November 11, 2016. Tr. 376-378. Dr. Chung assessed ADHD, disruptive behavior disorder-aggressive, and "very impulsive." Tr. 376. He checked boxes indicating Plaintiff had "marked" impairments in acquiring and using information, attending and completing tasks, and health and physical well-being. Tr. 376-378. He also checked a box indicating Plaintiff had an extreme limitation in interacting and relating with others. Tr. 377. Dr. Chung indicated Plaintiff's mother "reported these symptoms started prior to age 1." Tr. 378.

1   The ALJ accorded "no weight" to the post hearing November 2016 opinion
2   of Dr. Chung. Tr. 27. As indicated by the ALJ, the significant limitations noted on
3   the conclusory report by Dr. Chung are not consistent with the evidence of record.
4   Tr. 27. As discussed above, the medical assessments of record reflect that Plaintiff
5   was oriented and in good health, Tr. 317, 336, 365-366, 331, 356, 391, and the
6   state agency reviewing medical and psychological consultants opined that Plaintiff
7   had no limitation in acquiring and using information and attending and completing
8   tasks; less than marked limitation interacting and relating with others, moving
9   about and manipulation of objects, and caring for self; and no limitation in physical
10  health and well-being, Tr. 82-83, 92-93. Dr. Chung's report is also inconsistent
11  with the testimony of Plaintiff's mother that there are no concerns with Plaintiff's
12  behavior at school, Tr. 26-27, 330, 335, 348, and the reports of Plaintiff's teachers
13  which do not describe Plaintiff as aggressive, Tr. 27. Moreover, as further noted
14  by the ALJ, Tr. 27, the report of Dr. Chung fails to cite corresponding treatment
15  notes or other objective evidence to support his opinions. *See Tonapetyan v.*
16  *Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (an ALJ may discredit a treating
17  physician's opinion that is conclusory, brief, and unsupported by the record as a
18  whole).

Based on the foregoing, the Court concludes the ALJ provided specific and legitimate reasons, supported by substantial evidence, for according no weight to the November 2016 conclusory post hearing opinion of Dr. Chung.

C.     **Listings and Functional Equivalence**

Finally, Plaintiff argues that because the ALJ's findings regarding Plaintiff's limitations are not support by substantial evidence, and his impairments thus functionally equal the listings, his disability determination must be reversed. ECF No. 14 at 13-20.

As determined above, the ALJ properly rejected Maria G.'s testimony regarding her son's behavior and Dr. Chung's report that Plaintiff had marked or

extreme limitations in certain domains.  *Supra*.  Instead, the ALJ weighed the various medical assessments of record, the reports from Plaintiff's teachers and the reports of the state agency reviewing medical professionals and found Plaintiff had less than marked limitations in each domain.  Tr. 29-34.  These findings are supported by substantial evidence and free of legal error.  Since Plaintiff did not have marked limitations in at least two domains or an extreme limitation in one domain, he did not functionally equal the listings.  *See* 20 C.F.R. § 416.926a(d).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error.  Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED June 3, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE